IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT JORDAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAUI COUNTY PROSECUTING ATTORNEY,<br><br>　　　　Defendant. | CIV. NO. 25-00427 JMS-KJM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 24, WITH PARTIAL LEAVE TO AMEND |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 24 WITH PARTIAL LEAVE TO AMEND

### I.  INTRODUCTION

Defendant "Maui County Prosecuting Attorney" ("Defendant") moves to dismiss this action brought by Plaintiff Robert Jordan ("Plaintiff") seeking damages under 42 U.S.C. § 1983 for wrongful incarceration based on Defendant's alleged failure to disclose exculpatory evidence (which would be a violation of *Brady v. Maryland*, 373 U.S. 83 (1963)).  *See* ECF No. 1 at PageID.5.  The court GRANTS the Motion to Dismiss, ECF No. 24, but the dismissal is with leave to amend only as to an official capacity claim under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), against Maui County.

## II.  <u>DISCUSSION</u>

According to the Complaint, Plaintiff was incarcerated pretrial for approximately one year on a charge of arson in a Hawaii State court on Maui.  ECF No. 1 at PageID.5.  The Complaint alleges:

> The Plaintiff received notice from the Prosecutors that they had exculpatory evidence on April 28, 2025. . . . The Prosecutors notified the Plaintiff that they had exculpatory evidence that they failed to disclose to the Plaintiff.  After disclosing this evidence, they dismissed the arson charge and the Plaintiff was released from custody.

*Id.*[1]  It claims a violation of § 1983 because "[t]he Maui Prosecuting Attorney violated the Plaintiff's due process rights by withholding clearly exculpatory evidence from him, causing him to remain in custody and lose his job and home." *Id.* at PageID.4.  Although the Complaint names "the Maui Prosecuting Attorney" as the Defendant, it does not distinguish whether the Defendant is sued in a personal or official capacity (much less whether Plaintiff is suing the office of the Maui Prosecuting Attorney, i.e., Maui County, itself).[2]  But whether Defendant is sued in a personal capacity or an official capacity (which the court would construe

---

[1]  The Complaint does not allege when Plaintiff was charged or when he was released.

[2]  At the July 30, 2026 hearing, Plaintiff's counsel stated that the intent of the Complaint was not to make a personal capacity claim.

as a claim against Maui County), the Motion to Dismiss argues—and the court agrees—that the Complaint fails to state a claim.

To the extent the Complaint can be construed as making a § 1983 claim against the Maui County Prosecuting Attorney in a personal capacity (or against any particular deputy prosecuting attorney in a personal capacity who failed to disclose exculpatory evidence), then the claim fails because prosecutors have absolute immunity from this suit for the alleged *Brady* violations.  *See Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A prosecutor's decision not to preserve or turn over exculpatory material before trial . . . is a violation of due process under [*Brady*]. . . .  It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages.") (citing numerous cases); *see also, e.g.*, *Hammond v. State*, 2026 WL 811570, at *4 (D. Haw. Mar. 24, 2026) ("Prosecutors . . . have absolute immunity against suits for damages based on such alleged violations [of a duty to disclose potentially exculpatory information].")*; Turner v. City & County of Honolulu*, 2007 WL 1341132, at *4 (D. Haw. May 3, 2007) (denying leave to amend a § 1983 claim because a prosecutor is entitled to absolute immunity for acts in violation of *Brady* and the duty to disclose exculpatory information).

And, as for an official capacity claim (i.e., a claim against Maui County itself), the Complaint plainly fails for lack of any allegations that Maui

3

County has an "official policy" of withholding exculpatory information that led to Plaintiff's unlawful incarceration.  It is well established that a municipality may not be sued for injuries inflicted solely by its employees or agents under § 1983.  *See Monell*, 436 U.S. at 694.  That is, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Id.* at 691.  "It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (quoting *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting) (internal quotation marks omitted)).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  "A municipality may also be liable for 'decision[s] not to train certain employees about their legal duty to avoid violating citizens' rights,' but such liability arises only where the failure to train 'amounts to deliberate indifference to the rights of persons with whom the untrained employees come into contact.'"  *Puente v. City of Phoenix*, 123 F.4th 1035, 1065 (9th Cir. 2024) (quoting *Connick*, 563 U.S. at 61).

Applying those standards, Plaintiff's Complaint lacks any factual allegations that (1) Maui County (or its prosecuting attorney) has a widespread

"official municipal policy" of violating *Brady*, (2) Maui County fails to train deputy prosecutors (with deliberate indifference) on *Brady* obligations, or (3) the Maui County prosecuting attorney made such decisions as a final policy maker.  In short, the Complaint lacks any allegations of *Monell* liability.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS Defendant's Motion to Dismiss.  The Complaint is DISMISSED.

As for a § 1983 claim against the Maui County prosecutor (or against a deputy prosecutor) in a personal capacity, dismissal is with prejudice and without leave to amend because further amendment would be futile.  At this stage, however, the court cannot find it futile for Plaintiff to file an amended complaint alleging a *Monell* claim against Maui County.  *See, e.g.*, *Malheur Forest Fairness Coalition v. Iron Triangle LLC*, 164 F.4th 710, 738 (9th Cir. 2026) ("'Under futility analysis, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'") (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation modified)).  If Plaintiff has a good faith basis, by **August 20, 2026**, he may file an Amended Complaint only against Maui County that attempts to cure the Complaint's deficiencies and that states a claim under *Monell*.  To be clear, the court has not granted leave to file an Amended Complaint to add any

5

other claims or parties.  Failure to file an Amended Complaint against Maui

County by August 20, 2026 will result in dismissal of the action with prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 31, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge